IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WILLIE EDWARD SMITH,           §
TDCJ-CID NO.634334,            §
Plaintiff,                     §
v.                             §          CIVIL ACTION H-11-3084
DONALD HULL, *et al*.,         §
Defendants.                    §

OPINION ON DISMISSAL

Plaintiff, a state inmate, has filed a civil rights suit pursuant to 42 U.S.C§1983, in which he seeks an order directing defendant Donald Hull to refund money that plaintiff's sister paid to Hull and to return plaintiff's court papers to plaintiff.  (Docket Entry No.1).  The claims in plaintiff's present suit are duplicative of his claims in an earlier-filed lawsuit, which is still pending in this Court.  *See Smith v. Hull*, Civil Action No.4:11-cv-3068 (S.D. Tex.).

Title 28 U.S.C.§1915(e)(2)(B) and§1915A require the Court to *sua sponte* dismiss cases filed by prisoners upon a determination that they are frivolous or malicious.  It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under§1915(e)(2)(B) and§1915A as malicious.  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (claims which duplicate claims pending in another federal action by the same plaintiff are "malicious"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *see also Wilson v. Lynaugh*, 878 F.2d 846, 849–50 (5th Cir. 1989).  Because plaintiff's complaint is malicious, it is subject to dismissal with prejudice, pursuant to 28 U.S.C.§1915A.

Plaintiff's complaint is also subject to dismissal because the defendants from whom he seeks relief are not state actors.  To obtain relief under 42 U.S.C.§1983, a plaintiff must prove that he was deprived of a federal constitutional or statutory right and that the persons

1

depriving him of that right acted under color of state law.  *Daigle v. Opelousas Health Care Inc*., 774 F.2d 1344, 1348-49 (5th Cir. 1985).  A private party is generally considered to act under color of state law only in certain circumstances, such as when that party is involved in a conspiracy or participates in joint activity with state actors.  *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).  Plaintiff's complaint does not allege that Hull or Brown is a state actor, or that they engaged in joint activity or in a conspiracy with state actors.  Plaintiff's § 1983 complaint, therefore, has no basis in law or fact.  Plaintiff's complaint is also subject to dismissal as frivolous under 28 U.S.C. § 1915A.

Based on the foregoing, the Court ORDERS that plaintiff's complaint is DISMISSED WITH PREJUDICE, as malicious and frivolous pursuant to 28 U.S.C. § 1915A.

The Clerk will provide copies of this Order to the parties, and to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159.

SIGNED at Houston, Texas, this 4th day of October, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE